**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN YAROS and <br> LAURA YAROS, | ) <br> ) <br> ) | CASE NO: 5:24-cv-01411 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | |
| STATE FARM FIRE & CASUALTY <br> COMPANY, | ) <br> ) | **MEMORANDUM OF OPINION** <br> **AND ORDER** |
| | ) | (Resolves Docs. 7, 12, 13) |
| Defendant. | ) <br> ) | |

This matter is before the Court on the *Plaintiff's Motion to Compel Appraisal and Stay Litigation* (Doc. 7) (the "Motion") filed by Plaintiffs Steven Yaros and Laura Yaros (collectively, "Plaintiffs"). Defendant State Farm Fire & Casualty Company ("State Farm") filed the *Response in Opposition to Plaintiffs' Motion to Compel Appraisal* (Doc. 12) and Plaintiffs filed an additional reply (Doc. 13).

For the reasons stated below, the Motion is DENIED.

**I.     BACKGROUND**

Plaintiffs filed this action following a dispute related to their property insurance policy with State Farm, wherein they claim a storm caused significant direct physical loss to their property and that State Farm breached the agreement of the insurance policy by failing to participate in its appraisal process. Doc. 1. In the Motion, Plaintiffs further explain that a storm caused about $190,000 of damage to the foundation wall of their property and they and State Farm disagree as to the amount of the loss because State Farm claims the loss amount is $0. Doc. 8 at 2. However,

1

State Farm maintains that Plaintiffs' characterization of its stance is incorrect - the amount of loss is not $0, rather, there is a lack of covered damage. Doc. 12 at 4. Plaintiffs demanded an appraisal and State Farm refused it. Doc. 9 at 28. They now claim breach of contract and seek declaratory judgment compelling State Farm to participate in the appraisal process per the terms of the insurance policy. Doc. 1.

## II.  LAW AND ANALYSIS

An insurance policy is a contract, and the Court must interpret it by giving effect to the intent of the parties, presumed to be reflected in the plain and ordinary meaning of the contract language. *Smith v. Erie Ins. Co.*, 69 N.E.3d 711, 715 (Ohio 2016). In Ohio, questions as to insurance policy coverage are legal questions and, therefore, are decided by the Court. *Prakash v. Allstate Ins. Co.*, No. 5:20-cv-00524, 2021 U.S. Dist. LEXIS 1113, at *4 (N.D. Ohio Jan. 5, 2021) (internal citation omitted). However, an appraisal provision might be enforced to resolve a dispute over the amount of *covered* loss. *Westview Vill. V. State Farm Fire & Cas. Co.*, No. 1:22-cv-0549, 2022 U.S. Dist. LEXIS 150500, at *3 (N.D. Ohio Aug. 22, 2022) (emphasis added).

"Separating coverage issues from loss issues is not a simple task" and courts have grappled with whether appraisers may consider causation when determining the amount of loss under the policy. *Id.* at *4. Here, the parties mainly disagree about the cause of the damage. Under the circumstances of this case, the parties' disagreement thus becomes a coverage question because Plaintiffs claim that a storm [a covered event] caused about $190,000 of damage to their foundation wall. Doc. 8 at 2. State Farm believes all damage was the result of "gradual earth movement, prolonged wear and tear, and/or the slow build-up of water" [not a covered event]. Doc. 12 at 2. The underlying issue here is one of coverage and is not as simple as immediately determining the

amount of damage. The parties agree that damage due to a storm would be covered, and damage due to wear and tear would not.

However, the coverage issue is secondary at this point in the case because when considering the Motion, the Court must first give effect to the plain meaning of the underlying insurance policy, which makes clear that the parties have agreed appraisers cannot determine questions of coverage or fact. It appears that Plaintiffs hope to have an appraiser assign damage amounts/percentages to both potential causes – the storm and wear and tear. Doc. 8 at 2. The applicable policy language is included in the record:

> "h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide: (1) any other questions of fact; (2) questions of law; (3) questions of coverage…".

Doc. 9 at 27. Relevant here, causation is a question of fact. *Rieger v. Giant Eagle*, 138 N.E.3d 1121, 1125–26 (Ohio 2019). Therefore, the quoted policy language precludes the appraiser or umpire from deciding coverage or causation and, in turn, prevents the relief sought by Plaintiffs. It appears the policy is specifically designed to eliminate the sort of scenario presently before the Court, and the Court declines to compel a result that would be in direct contradiction of the parties' agreement.

### III.     CONCLUSION

For the foregoing reasons, *Plaintiff's Motion to Compel Appraisal and Stay Litigation* (Doc. 7) is DENIED.

IT IS SO ORDERED.

November 13, 2024                                   /s/ John R. Adams
Date                                                            JOHN R. ADAMS
                                                                    UNITED STATES DISTRICT JUDGE